Gubia per
Johnson, J.
Judge Blackstone, in his commentaries on the Laws of England, (3 Vol. p. 8,) lays it down, that in general whatever goods and chattels the landlord finds on the premises, whether they in fact belong to a stranger, or the tenant, are distrainable for rent; and this rule is founded on the presumption of ownership, arising out of the fact of possession, and the danger arising from combinations between strangers and the tenant to defraud the landlord of his rent. But he allows the existence of, I think, six exceptions, and amongst them are valuable things in the way of trade, which he illustrates by the instances of a horse standing in a smith’s shop to be shod, or in a common inn, or cloth at a tailor’s house, or corn at a mill; from which I think it is clearly deducible that wherever the place let is appropriated by the tenant, as a common repository of goods, and are placed there by a stranger in that confidence, they are not *553 Hable to distress for rent dne by tbe tenant. Their liability, as before observed, arises out of tbe presumption of property in the tenant, from tbe fact of possession.— ^ But that is repelled by tbe circumstance that the place has become a common place of deposit, and whetherj^ was let with a view to that object or not, can ference. Unless restrained by the terms of the-Tease., ' the tenant bad the right to appropriate it to any use that he might think proper, if no injury resulted to the landlord ; and its being so used is notice to him that the goods found there are not necessarily the goods of the tenant. Harsh as the general rule is, it never could have been intended to subject the goods of one manto the payment of the debt of another.
The case of - vs. Wyatt & Richardson, 1 Bay, 102, proceeds on this principle. In that case the goods of a stranger had been sent to a vendue store for the purpose of being sold, and it was held that they were not liable tobe distrained for rent due by the vendue master to his landlord; and so in Phelon vs. M’Bride, 1 Bay, 170, where it was adjudged that a negro boy,put asan apprentice to a hair dresser, ivas not distrainable for rent dub by the master.
Taking this principle for granted, it is only necessary to the determination of the case under consideration to ascertain what was the character of the place in which the sugars were deposited, and on which they were, dis-trained. Urquhart, the tenant, it seems was a commission merchant, and Magrath, the sub-tenant, a factor. The sugars were in the apartment occupied by the latter, and appropriated by him to the reception of all sorts of produce and merchandize which his customers and the community in general might think proper to commit to his care, either for safe keeping, or to be sold by him on commission. It was then a common repository of goods, *554 and according to tbe principle the sugars of the plaintiff were not distrainable.
I have considered this case with reference only to that part of the premises occupied by Magrath, because to whatever use the other might have been appropriated, he had fixed a character on that. But the same conclusion would follow from considering them in the custody of Urquhart, who was a commission merchant, which as I Understand it, differs little from that of factor, but in a Paine, intended to designate those who deal principally in merchandize, from those who deal for the most part in produce of the country. Both of them derive their profits by way of commissions on sales and purchases, and neither of them exclude any article in the way of their business. The motion must therefore be granted.